**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RAMZI BIN AL-SHIBH,            ) <br> ) <br> Petitioner,            ) <br> ) <br> v.            ) <br> ) <br> GEORGE W. BUSH, *et al.*,            ) <br> ) <br> Respondents.            ) <br> ) | Civil Action No. 06-1725 (EGS) |

**RESPONDENTS' STATUS REPORT**

Pursuant to the Court's July 7, 2008 Order (dkt. no. 16), Respondents provide the following status report for the above-captioned case.

1.  Petitioner Ramzi Bin Al-Shibh (Internment Serial Number 10013) is the sole Petitioner in this proceeding.

2.  On October 5, 2006, a habeas petition was filed on Petitioner's behalf through his next friend, Zakaria Bin Al-Shibh (dkt. no. 1).

3.  Petitioner is Yemeni.

4.  No protective order has been entered in this proceeding. Because Petitioner is a "high-value detainee" detained by the Central Intelligence Agency prior to his detention by the Department of Defense, a protective order specific to high-value detainees and appropriate for the management and handling of TOP SECRET//SENSITIVE COMPARTMENTED INFORMATION ("TS//SCI") associated with such cases will need to be entered in this proceeding. Pursuant to the scheduling order that Judge Hogan entered on July 11, 2008 in the

        Guantanamo Bay habeas cases transferred to him for coordination and management, the parties must submit a proposed protective order for use in cases involving high-value detainees by July 21, 2008. *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH) (dkt. no. 53,¶ 2.A), attached hereto as Exhibit A. Respondents respectfully request that the Court coordinate this common issue with Judge Hogan's proceedings to ensure uniformity in all high-value detainee cases.

5. Petitioner is currently detained at the United States Naval Base, Guantanamo Bay, Cuba.

6. A Combatant Status Review Tribunal determined Petitioner to be an enemy combatant.

7. On April 15, 2008, Petitioner was charged under the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, with various violations of the MCA.

8. Respondents intend to move to dismiss this proceeding or, in the alternative, to ask the Court to hold this proceeding in abeyance pending final resolution of the MCA proceedings, and suggest that the Court coordinate the briefing of this common issue with Judge Hogan. In the alternative to coordinating briefing on whether to dismiss or hold in abeyance litigation brought by petitioners who have been charged under the MCA, Respondents respectfully request that the Court adopt an approach to scheduling in this proceeding consistent with that set out in the scheduling order that Judge Hogan entered on July 11, 2008 in the

        Guantanamo Bay habeas cases transferred to him for coordination and management.  *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH) (dkt. no. 53), attached hereto as Exhibit A.

9. There is one pending motion in this proceeding.  On July 7, 2008, Petitioner's counsel filed with the Court Security Officers a Motion to Lift Stay and For Leave to File an Amended Habeas Petition.  *See* Notice of Filing (dkt. no. 14).  Respondents do not oppose lifting the stay or granting leave to file an Amended Habeas Petition, but reserve all arguments in response to such Amended Habeas Petition.

10. No duplicate habeas petitions have been filed on behalf of Petitioner.

Dated: July 14, 2008              Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ *Nicholas A. Oldham*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3367
Fax:  (202) 616-8470

Attorneys for Respondents

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY<br>DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action Nos.**<br><br>**02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194, 04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035, 04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247, 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359, 05-CV-0392, 05-CV-0492, 05-CV-0520, 05-CV-0526, 05-CV-0569, 05-CV-0634, 05-CV-0748, 05-CV-0763, 05-CV-0764, 05-CV-0833, 05-CV-0877, 05-CV-0881, 05-CV-0883, 05-CV-0889, 05-CV-0892, 05-CV-0993, 05-CV-0994, 05-CV-0995, 05-CV-0998, 05-CV-0999, 05-CV-1048, 05-CV-1124, 05-CV-1189, 05-CV-1220, 05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353, 05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1487, 05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505, 05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590, 05-CV-1592, 05-CV-1601, 05-CV-1602, 05-CV-1607, 05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645, 05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704, 05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010, 05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112, 05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200, 05-CV-2249, 05-CV-2349, 05-CV-2367, 05-CV-2371, 05-CV-2378, 05-CV-2379, 05-CV-2380, 05-CV-2381, 05-CV-2384, 05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2398, 05-CV-2444, 05-CV-2477, 05-CV-2479, 06-CV-0618, 06-CV-1668, 06-CV-1674, 06-CV-1684, 06-CV-1688, 06-CV-1690, 06-CV-1691, 06-CV-1758, 06-CV-1759, 06-CV-1761, 06-CV-1765, 06-CV-1766, 06-CV-1767, 07-CV-1710, 07-CV-2337, 07-CV-2338, 08-CV-987, 08-1085, 08-CV-1101, 08-CV-1104, 08-CV-1153** |

**SCHEDULING ORDER**

Based upon the parties' representations during the hearing held on July 8, 2008, the

filings the Court received following the hearing, and the entire record herein, the Court enters the following schedule to initially govern this consolidated proceeding.

    1. **Status Reports**.  By July18, 2008, the parties shall each file concise reports summarizing the status of each case.  If applicable, counsel involved with multiple cases (versus multiple petitioners in a single case) may, solely for the purpose of submitting a single status report, consolidate their cases.

    2. **Joint Report**.  By July 21, 2008, petitioners and the government shall submit a joint report that:

        A.  includes a proposed amended protective order and a separate proposed protective order for use in cases involving "high-value detainees";

        B.  identifies duplicate petitions that were filed on behalf of a single individual, and addresses which of the duplicate petitions should be dismissed;

        C.  identifies petitioners currently detained at Guantanamo Bay, Cuba, whose cases were dismissed on jurisdictional grounds, and addresses whether the Court should vacate such dismissals;

        E. identifies petitioners who are cleared or authorized for release and the type of such release—e.g., whether the petitioner is authorized for release and the government is simply seeking a receiving country or whether the petitioner is authorized for release to detention in another country—and addresses any objection to consolidation of such cases before one Judge of this Court;

        F.  identifies all *Boumediene*-related motions to dismiss and motions to stay that are still pending, and addresses whether such motions are moot;

        G.  identifies all pending motions that are ripe for decision, and suggests the

appropriate time to address such motions and whether they are amenable to common resolution by the undersigned;

  H.  identifies the cases in which a stay was entered, and addresses whether the Court should lift all such stays;

  I.  identifies the cases in which an appeal or a petition for certiorari is pending; and

  J.  includes proposals on how the undersigned should conduct regular status conferences.

  K.  reports on any agreement for the government to provide unclassified portions of the CSRT records to petitioners who have had their CSRT reviews by July 31, 2008.

 3. **Simultaneous Briefing on Procedural Framework Issues**.  By July 25, 2008, counsel for petitioners and the government shall each file one brief addressing the following issues relating to the procedural framework in which these cases will be resolved and whether such issues are amenable to common resolution:

  A. the scope of discovery;

  B.  the standard for obtaining an evidentiary hearing;

  C.  the standard governing hearsay evidence;

  D.  the application of confrontation and compulsory process rights; and

  E.  the relevant standards of proof and burdens of production and persuasion, and any burden shifting.

 Counsel for petitioners and the government shall file responses by August 1, 2008.

 4.  **Factual Returns**.  Beginning with the earliest filed petitions of petitioners currently held at Guantanamo Bay, Cuba, the government shall file factual returns and motions to amend

3

factual returns on a rolling basis at a rate of at least 50 per month.[1]  The first 50 factual returns and motions to amend factual returns are due by August 29, 2008.  If the government wishes to amend a factual return, it shall move to amend and attach to its motion the proposed amended factual return.  The Court will allow amendment only where the government establishes cause for the amending.  Additionally, if the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall processing, the government shall move for an exception to the sequencing described above.  As with amendments, the Court will only allow exceptions where the government establishes cause.   Similarly, any petitioners who have extraordinary circumstances may move before this Court for an exception to the sequencing described above.

**SO ORDERED**.


July 11, 2008                                                                 /s/
                                                                    Thomas F. Hogan
                                                                    United States District Judge

---

[1] At this time pending further order of the Court, the government need not file factual returns or motions to amend factual returns for the approximately 20 detainees charged with war crimes under the Military Commissions Act of 2006.

4