IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAMZI BIN AL-SHIBH, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil No. 06-1725 (EGS) |
| | : | |
| GEORGE W. BUSH, *et al.*, | : | **NOTICE OF MOTION** |
| | : | |
| Respondents. | : | |

TO:   Terry Henry
      Andrew Warden
      U.S. Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave., N.W.
      Washington, D.C.  20530

PLEASE TAKE NOTICE that Petitioner Ramzi bin al-Shibh, through undersigned counsel, will move before the Honorable Emmet G. Sullivan, United States District Judge for the District of Columbia, at a time and on a date to be set, for the following relief:

1. An Order lifting the stay.

2. An Order granting leave to file an Amended Habeas Petition.

Petitioner relies upon the Statement of Points and Authorities submitted with this notice and incorporates that document as if it were set forth fully herein.

    Respectfully submitted,

      /s/Candace Hom
    Richard Coughlin
    Federal Public Defender
    Candace Hom
    Assistant Federal Public Defender
    Office of the Federal Public Defender

972 Broad Street, Fourth Floor
Newark, New Jersey  07102
(973) 645-6347

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMZI BIN AL-SHIBH,<br><br>　Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>　Respondents. | CIVIL NO. 06-1725 (EGS)<br><br>**CORRECTED VERSION --**<br>**PETITIONER'S STATEMENT OF**<br>**POINTS AND AUTHORITIES IN**<br>**SUPPORT OF MOTION TO LIFT**<br>**STAY AND FOR LEAVE TO FILE**<br>**AN AMENDED HABEAS PETITION** |

**CORRECTED VERSION – PETITIONER'S STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO LIFT STAY AND FOR LEAVE TO
FILE AN AMENDED HABEAS PETITION**

　　Petitioner Ramzi bin al-Shibh moves for an order vacating the existing stay and for leave to file an Amended Habeas Petition.

### Introduction

　　1.　　Petitioner's habeas petition has been stayed for almost one year pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, -- U.S. --, 128 S. Ct. 2229 (June 12, 2008).

　　2.　　On June 12, 2008, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*,-- U.S. --, 128 S. Ct. 2229 (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Boumediene*, 128 S. Ct. at 2275.

**Procedural History**

3. Petitioner Ramzi bin al-Shibh (hereinafter "Petitioner") is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Petitioner, a citizen of Yemen, is believed to have been in the custody of the United States military since September 2002. For approximately four years, Petitioner was held in a secret C.I.A. detention program in various locations worldwide, designed for interrogations of terrorism suspects. He was then transferred in September 2006 to Guantanamo Bay, where he remains imprisoned. He has never had a hearing on his claim that he is entitled to release.

4. Petitioner has been designated as an enemy combatant through procedures that are unlawful and unconstitutional. Petitioner is being detained without lawful basis, and without being afforded any fair process by which he might challenge the legitimacy of his detention.

5. In the time since this Court's stay was entered, Petitioner has suffered and continues to suffer harsh and potentially deadly isolation at Guantanamo's secret Camp 7, the location of which is not publicly known.

6. In light of the alarming deterioration in his psychological well-being, and astonishing length of his imprisonment, Petitioner urgently requests that the Court immediately lift the stay and to permit leave to file the amended habeas petition, pursuant to LCvR 15.1 and Fed. R. Civ. P. 15(a).

7. On October 5, 2006, Petitioner's brother submitted a request for counsel, which was styled as a Petition for Writ of Habeas Corpus and filed in this case. Respondents moved to dismiss the proceeding on April 19, 2007. Counsel for Petitioner were thereafter appointed and filed an opposition to the motion to dismiss on May 24, 2007. On August 17, 2007, this Court

entered a stay pending the Supreme Court's decision in *Boumediene* and denied the motion to dismiss without prejudice.

**Argument**

### I.     Petitioner is Entitled to a Prompt Hearing On The Merits of His Claims

8.     Justice necessitates that Petitioner's claims be promptly addressed.[1]  The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly.  28 U.S.C. §§ 2241, 2243; ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added).  Courts, including the majority in *Boumediene*, *see* 128 S. Ct. at 2275, have similarly recognized the need for speedy resolution of *habeas corpus* cases.  *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . .  One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

---

[1]     As indicated, Petitioner seeks leave to file an Amended habeas petition, which more fully sets forth his claims for relief.  *See* Amended Hab. Pet., attached as Exhibit A.

9. The need for a prompt hearing is never greater than where a petitioner has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr,* 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

10. Chief Justice Roberts' dissent in *Boumediene* argues that there will be confusion as the underlying rights to be vindicated on *habeas*. This point can be addressed at a status conference, but it is quite incorrect. Petitioners assert that there is no lawful basis for their imprisonment. The government locates such a basis in the President's Article II powers and in the Congressional Authorization for the Use of Military Force, 115 Stat. 224 (Sept. 18, 2001). At an evidentiary hearing, each petitioner will show that on the evidence in the case, neither source of authority confers power on the President to detain him, and thus that he is entitled to release.

11. Petitioner has been afforded no judicial review of the merits of his claims or the lawfulness of his detention.[2]

---

[2] Petitioner has filed a petition under the Detainee Treatment Act in the United States Court of Appeals for the D.C. Circuit. It has not yet been decided. *Boumediene* makes clear that DTA relief is separate and distinct statutory relief and does not preclude *habeas* relief. At a status conference, counsel will address any issues arising out of parallel proceedings.

**II.     The Need for Relief is Urgent**

12.   Petitioner is now in his sixth year of detention in United States military custody and in his second year of imprisonment at Guantanamo Bay

13.   The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case at last decided, the Court should promptly lift the stay, grant leave for Petitioner to file his Amended habeas petition, and allow Petitioner's *habeas corpus* claims to proceed on the merits.

14.   A grant of the relief requested by the Motion lies within the sound discretion of the Court.

Conclusion

For the forgoing reasons, the Motion to Lift Stay should be granted, Petitioner should be granted leave to file his Amended habeas petition, and Petitioner should be granted such other and further relief as may be just and proper.

Dated:  July 11, 2008

   /s/Candace Hom
Richard Coughlin
Federal Public Defender
Candace Hom
Assistant Federal Public Defender

Federal Public Defender's Office
District of New Jersey
972 Broad Street, Fourth Floor
Newark, New Jersey  07102
Tel: (973) 645-6347
Fax: (973) 297-4807

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMZI BIN AL-SHIBH,<br><br>　Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>　Respondents. | Case No. 06-CV-1725 (EGS)<br><br>**[PROPOSED] ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY AND FOR LEAVE TO FILE AMENDED HABEAS PETITION** |

**[PROPOSED] ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY AND FOR LEAVE TO FILE AN AMENDED HABEAS PETITION**

THIS MATTER comes before the Court on the application of Petitioner Ramzi bin al-Shibh's Motion to Lift the Stay and for Leave to File an Amended Habeas Petition, and for the reasons set forth in Petitioner's Points and Authorities, and for good cause shown,

IT IS on this _____ day of _____ 2008, hereby ordered that the Petitioner's Motion to Lift Stay and for Leave to File an Amended Habeas Petition is GRANTED; and it is

FURTHER ORDERED that the stay entered on August 17, 2007, is VACATED; and

IT IS FURTHER ORDERED that the Amended habeas petition is hereby FILED.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HONORABLE EMMET G. SULLIVAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2008, I filed and served the foregoing Petitioner Ramzi bin al-Shibh's **Motion to Lift Stay and for Leave to File an Amended Habeas Petition** by causing the original and six copies to be delivered to the Court Security Officer via Federal Express, with the original and four copies to be forwarded to the Court, and one copy to be conformed and returned to our office.

I further certify that upon receiving clearance from the Court Security Officer, one copy will be forwarded to the following counsel of record via U.S. mail:

Terry Henry
Andrew Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C.  20530


    /s/Candace Hom
Candace Hom