IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAMZI BIN AL-SHIBH, *et al.*, | ) ) ) ) | |
| Petitioner | ) ) | |
| v. | ) ) | Civil Action No. 06-1725 (EGS) |
| GEORGE W. BUSH, *et al.* | ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION FOR EVIDENCE THAT PETITIONER HAS DIRECTLY AUTHORIZED THIS ACTION AND OPPOSITION TO CROSS-MOTION FOR MENTAL COMPETENCY EXAMINATION**

Respondents hereby submit this reply in support of respondents' motion for evidence that petitioner has directly authorized this petition and in opposition to petitioner's cross-motion for a mental competency examination. Petitioner's opposition to respondents' narrow, focused request for relief raises issues that are, at best, premature, and do not warrant resolution by the Court in the present context.

1.      In light of the significant burdens that will be imposed on the Court and the parties during the merits proceedings in the Guantanamo Bay habeas litigation, respondents seek confirmation, before those proceedings begin in earnest, that petitioner Al-Shibh wants to pursue habeas relief in this Court. Because the case was initiated on petitioner's Al-Shibh's behalf by his brother acting as next friend, it is currently unknown whether petitioner Al-Shibh consents to this case proceeding on his behalf. In order to resolve that question promptly and to avoid unnecessary litigation concerning next friend standing issues, respondents' motion requests that this Court adopt the approach taken by Judge Hogan in the consolidated Guantanamo Bay

habeas cases and require that petitioner file evidence within 60 days that he has authorized counsel to pursue this action on his behalf. To require anything less could lead to an untenable situation in which the parties and the Court spend considerable time and effort litigating a case that petitioner Al-Shibh has no interest in pursuing.

2.  Petitioner Al-Shibh has opposed respondents' motion on several grounds. First, petitioner contends that the motion should be denied because this Court has previously appointed counsel. This argument misses the point of respondents' motion. The fact that counsel has been appointed in this case, which was brought as a putative next friend petition, does not mean that this case should continue unabated without petitioner's consent. Notably, the Court appointed counsel before counsel had even met with petitioner; thus, there can be no suggestion that the appointment of counsel constitutes a ratification that petitioner consents to this case proceeding. While respondents do not take issue with the suggestion that litigation of this case will require the assistance of counsel, the more important point is that the Court should require petitioner to present evidence that he, in fact, wants this action to proceed. No such evidence has been presented in this case and petitioner's opposition brief is carefully worded to avoid confirming or denying whether petitioner has consented to this action.[1]

3.  Second, petitioner mistakenly argues that respondents should be estopped from seeking evidence that petitioner has directly authorized this petition because respondents failed to raise the issue in a timely fashion. As an initial matter, standing – next friend or otherwise – is

---

[1] Petitioner also speculates that requiring counsel to obtain a direct authorization "risks undermining if not utterly destroying counsel's relationship with Petitioner." *See* Motion at 2. Petitioner, however, provides no convincing explanation why a simple requirement that petitioner confirm his desire to pursue this case would "destroy" his purported relationship with counsel.

a mandatory requirement before this Court can exercise its Article III jurisdiction. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Accordingly, neither waiver or nor estoppel applies in this context. *See Floyd v. District of Columbia*, 129 F.3d 152, 155 (D.C. Cir.1997) ("[J]urisdiction cannot be waived and we have an independent obligation to assure ourselves of jurisdiction, even when the parties fail to challenge it.").

Moreover, although petitioner contends that the authorization issue should have been raised in May 2007 when the Court appointed counsel, petitioner ignores the fact that at that time the law of the Circuit was governed by the Court of Appeals decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *rev'd* 128 S. Ct. 2229 (2008), which held that this Court lacked jurisdiction over the claims of aliens held as enemy combatants at Guantanamo Bay. On the basis of the Court of Appeals' decision, respondents moved to dismiss this case for lack of jurisdiction in April 2007. *See* Motion To Dismiss (dkt. no. 5). Because that motion was pending at the time Court appointed counsel in May 2007, it would have made little sense for respondents to file motions about merits proceedings in a case in which the Court lacked jurisdiction. Following the Supreme Court's grant of *certiorari* in *Boumediene*, the Court stayed proceedings in this case "pending the Supreme Court's decision." *See* Minute Order (Aug. 17, 2007). It also would have made little sense for respondents to file merits-related motions in the face of that stay order at a time when the question of this Court's jurisdiction to proceed was pending before the Supreme Court. Contrary to petitioner's claim that respondents raised the authorization issue in a tardy fashion, respondents brought the issue of petitioner's lack of authorization to the attention of the Court and petitioner's counsel at a reasonable time following the Supreme Court's *Boumediene* decision and the lifting of the stay in this case, and certainly at

a time permitted by the Court's scheduling order of July 31, 2008.

4. Third, petitioner argues that in the event the Court concludes that next friend eligibility must be established, the Court should require that petitioner undergo a psychological or psychiatric evaluation or, alternatively, the Court should rule that the current record establishes that next-friend standing is proper. For the reasons explained below, petitioner's request for a mental health examination or a ruling on the next-friend standing issue is premature.

As explained in respondents' motion, next friend standing is not automatically granted to anyone who seeks to pursue an action behalf of another person. To obtain next friend standing, the purported next friend must satisfy "two firmly rooted prerequisites" articulated by the Supreme Court: (1) "provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) have a significant relationship with the petitioner in order to demonstrate that he is truly dedicated to the petitioner's best interests. *Whitmore*, 495 U.S. at 163-64.

In an effort to avoid unnecessary (and potentially burdensome) litigation over the next-friend standing issue, respondents have sought a modest requirement that petitioner produce appropriate evidence to confirm that he wants to pursue habeas relief in this Court – the submission of which would render respondents' motion moot. In the event petitioner cannot produce such evidence, the parties and the Court may ultimately have to confront the merits of the next friend standing issues. But at this time there is no need for the Court to rush to judgment on those legal issues or to require a mental competency examination because

petitioner's counsel has not even said whether they will obtain a direct authorization under the auspices of this case.

As explained in respondents' September 2, 2008 status report, no protective order has been entered in this case.  Consequently, petitioner's counsel has not had the opportunity to visit or send legal mail to petitioner within the context of the habeas proceedings (although petitioner's counsel have had the opportunity to visit with petitioner in the context of a Court of Appeals proceeding,[2] and might have raised the direct authorization question with him during such a visit).  On August 5, 2008, pursuant to the Court's July 31, 2008 Order, respondents filed a memorandum in support of a proposed protective order pertaining to counsel access and handling of TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("TS//SCI").  That same day petitioner submitted a memorandum in support of a competing protective order, arguing for entry of the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004), and the accompanying supplemental orders.  Briefing on the terms of a protective order is complete and the issue is ripe for decision.

Given this current state of affairs, once the Court decides on the terms of an appropriate

---

[2] Petitioner also has a Detainee Treatment Act petition pending in the Court of Appeals.  *See Al-Shibh v. Gates*, 07-1399 (D.C. Cir.).  In the context of that proceeding, the Court of Appeals entered a special protective order on January 2, 2008, establishing rules governing access to petitioner at Guantanamo Bay and containing special procedures to deal with the management and handling of TOP SECRET/ SENSITIVE COMPARTMENTED INFORMATION.  *See* Order, 07-1399 (D.C. Cir.) (Jan. 2, 2008).  Since entry of this order, petitioner's counsel has made one trip to Guantanamo (in July 2008) to meet with petitioner.  The Court of Appeals protective order, notably, requires that petitioner's counsel "may have up to two visits with a Detainee to obtain his authorization."  *See* Protective Order § 5.F, 07-1399 (D.C. Cir.).

protective order in this case,³ respondents submit that the appropriate course of action is for petitioner's counsel to meet and confer with petitioner at Guantanamo Bay about this case in order to secure a direct authorization of representation.  In the event petitioner does not consent to this matter proceeding, then – and only then – would it be appropriate for the parties to address whether this case can continue on the basis of next-friend standing, including the propriety of a mental health examination.⁴  *Cf. Hamdi v. Rumsfeld*, 542 U.S. 507, 538-539 (2004) (plurality) ("We anticipate that a District Court would proceed with the caution that we have indicated is necessary in this setting, engaging in a factfinding process that is both prudent and incremental.").

For the reasons stated above, respondents' motion for evidence that petitioner has directly authorized this action should be granted and petitioner's cross-motion for a mental competency examination should be denied.

---

³ Similar briefing regarding a TS//SCI protective order governing petitioners who were previously detained in the custody of the Central Intelligence Agency is also ongoing in Judge Hogan's Guantanamo Bay habeas cases.  Judge Hogan recently vacated entry of the Amended Protective Order in such cases and petitioners are scheduled to respond to respondents' proposed TS//SCI protective order on September 12, 2008.  *See* In re Guantanamo Bay Detainee Litigation, 08-MC-442 (TFH), Order (dkt. no. 268) (vacating Amended Protective Order); Minute Order (Aug. 25, 2008) (extending petitioners time to respond to Sept. 12, 2008).

⁴ Because petitioner is currently scheduled to undergo a mental competency evaluation in connection with his military commission case, if for no other reason, the Court should refrain from requiring a competing evaluation in this case.  Instead, any request for a second mental health evaluation should, at a minimum, await the outcome of the pending competency proceedings before the military commission.  As explained more fully in respondents' motion to dismiss or to hold this case in abeyance pending the completion of military commission proceedings (dkt. no. 46), conducing further habeas proceedings in this case, to include a mental health examination, would duplicate ongoing military proceedings, impinge on the system Congress created for adjudicating the guilt of criminal suspects and, moreover, and would waste the scarce resources of the parties and the Court.

Dated: September 4, 2008  Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


 */S/ Andrew I. Warden*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 616-5084
Fax:  (202) 616-8470
Attorneys for Respondents