IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMZI BIN AL-SHIBH,** : | |
| Petitioner : | |
| : | **CIVIL ACTION** |
| v. : | **(Habeas Corpus)** |
| : | |
| **GEORGE W. BUSH,** *et al.,* : | **CIV. NO. 06-1725 (EGS)** |
| Respondents. : | |

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS'
MOTION TO DISMISS OR HOLD PETITION IN ABEYANCE PENDING
COMPLETION OF MILITARY COMMISSION PROCEEDINGS**

Petitioner hereby respectfully submits this Memorandum of Law opposing Respondents' Motion to Dismiss or Hold the Petition in Abeyance Pending Completion of Military Commission Proceedings. Respondents' motion must be denied as Petitioner is not required to "exhaust his remedies" here, where the military commission proceeding is a wholly inadequate substitute for habeas corpus, is an inadequate forum for review of Petitioner's claims, and fails to provide the remedy that habeas provides: release.

**I.   ABSTENTION IS NOT APPROPRIATE**

   **A.   Petitioner's Habeas Petition Must Proceed Because He Challenges the
          Jurisdiction and Constitutionality of the Military Commission Proceedings**

The government's motion is premised on the theory that the military commission process is equivalent to a criminal trial or court martial, thereby requiring Petitioner to "exhaust his remedies" before invoking habeas. A military commission, however, differs from such proceedings profoundly. No deference should be given a system that says the decision at trial has no bearing on whether someone stays a prisoner. In the words of one of the *Hamdan* jurors: "After all the effort that we put to get somebody a fair trial . . . and then to say no matter what we

did it didn't matter – I don't see that as a positive step." Mike Melia, "Jurors: Release Hamdan on Time," Associated Press (Aug. 13, 2008), *available at* http://www.denverpost.com/nationworld/ci_10195187.

The government emphasizes that criminal charges are currently pending in the Military Commission proceedings, yet that is precisely the reason that Petitioner's habeas claims should be heard before this Court.[1] Petitioner's Amended Habeas Petition consists of claims that the military commission proceedings to which he is subject lack the proper procedural safeguards and protections that are required by the Constitution.[2] Here, Petitioner would be severely prejudiced and suffer irreparable injury were he to be tried by an unlawful and unconstitutional military commission, an injury that cannot be repaired by post-conviction review.[3] *See, e.g., Hamdan v. Rumsfeld*, 548 U.S. 557, 752 (2006) (defendant "and the Government both have a compelling interest in knowing in advance whether Hamdan may be tried by a military commission that

---

[1] Interestingly, the government appeared to favor proceeding with Petitioner's habeas petition rather than his DTA petition as it sought to dismiss Petitioner's DTA action in the D.C. Circuit, stating, "[T]he government is doing nothing improper in asking that the DTA action be held in abeyance until the habeas proceedings are resolved." *Al-Shibh v. Gates, et al.*, No. 07-1399, Resp't's Reply in Supp. of Mot. to Hold in Abeyance or in the Alternative Dismiss without Prejudice, Aug. 8, 2008, at 2. In its brief, the government appeared to contemplate and even concede that the habeas proceedings must go forward "expeditiously" per the Supreme Court's decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008): "Here, such a stay is particularly proper since DTA proceedings – the process the Supreme Court has held inadequate in *Boumediene* – are competing for resources with habeas cases – the process that the Supreme Court has held must proceed expeditiously." *Id.* at 2-3.

[2] While this Court has granted leave to file Petitioner's Amended Habeas Petition, this document has not yet been cleared as approved for public filing by the Court Security Officer.

[3] Petitioner's Motion to Enjoin Military Commission Proceedings has been held in abeyance pending the outcome of the mental competency hearing in his military commission case, currently scheduled for September 11, 2008.

arguably is without any basis in law and operates free from the procedural rules prescribed by Congress for courts-martial – rules intended to safeguard the accused and ensure the reliability of any conviction.").

Significantly, case law demonstrates that exhaustion is not required and abstention is inappropriate where the habeas petition questions the jurisdiction of the military proceeding to try the petitioner at all. A petitioner who has "raised substantial arguments denying the right of the military to try [him] at all" need not exhaust the remedies afforded him by the military before filing a habeas petition. *Schlesinger v. Councilman*, 420 U.S. 738, 763 (1975) (citing *Noyd v. Bond*, 395 U.S. 683, 696 n.8 (1969)). As the Supreme Court noted in *Parisi v. Davidson*, "Under accepted principles of comity, the court should stay its hand only if the relief the petitioner seeks . . . would also be available to him with reasonable promptness and certainty through the machinery of the military judicial system . . . ." 405 U.S. 34, 41–42 (1972). Where a petitioner raises claims for which relief is *not* necessarily available in the military system, including claims challenging his amenability to military jurisdiction in the first place, abstention is fundamentally inappropriate.[4]

Nor does *Schlesinger v. Councilman* counsel to the contrary. First, the Supreme Court held previously that abstention was inappropriate in *Hamdan*. As Justice Stevens explained,

> [N]either of the comity considerations identified in *Councilman* weighs in favor of abstention in this case. First, Hamdan is not a member of our Nation's Armed

---

[4] *Accord United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955); *Parisi v. Davidson*, 405 U.S. 34, 41-42 (1972) (rejecting abstention from a habeas claim because "the relief the petitioner seeks" was not "available to him with reasonable promptness and certainty through the machinery of the military judicial system"); *cf. Duro v. Reina*, 495 U.S. 676 (1990) (granting pretrial habeas petition by Native American prosecuted by another tribe). *Quirin*, 317 U.S. at 19, on habeas heard the challenge before the trial was complete.

> Forces, so concerns about military discipline do not apply. Second, the tribunal convened to try Hamdan is not part of the integrated system of military courts, complete with independent review panels, that Congress has established. Unlike the officer in *Councilman* Hamdan has no right to appeal any conviction to the civilian judges of the [U.S. Court of Appeals for the Armed Forces]. Instead, . . . any conviction would be reviewed by a panel consisting of three military officers designated by the Secretary of Defense.

*Hamdan*, 126 S. Ct. at 2771 (citations omitted). It is true that the MCA, enacted after the Court's decision, provides for an appeal as of right from the military appellate panel (now called the "Court of Military Commission Review") to the D.C. Circuit.[5] But such an appeal was *already* available under the Detainee Treatment Act of 2005 at the time of the Supreme Court's decision. *See* DTA § 1005(e)(3)(B)(I), 119 Stat. 2680, 2743. Thus, the Court's analysis in *Hamdan* is applicable to Petitioner's case.

Indeed, *Councilman* itself rightly concluded that it would be "'especially unfair to require exhaustion . . . when the complainants raise[] substantial arguments denying the right of the military to try them at all.'" 420 U.S. at 759 (quoting *Noyd v. Bond*, 395 U.S. 683, 696 n.8 (1969)); *see also Hamdan*, 126 S. Ct. at 2770 n.16. Petitioner al-Shibh raises such "substantial arguments" and it is entirely dubious whether "the relief the petitioner seeks . . . would also be available to him with reasonable promptness and certainty through the machinery of the military judicial system." *Parisi*, 405 U.S. at 41-42. As such, abstention would, in Justice Kennedy's words, "impose a *de facto* suspension" of the Writ, *Boumediene*, 128 S. Ct. at 2262, something this court cannot -- and must not -- do. *See id.* at 2275 ("In some of these cases six years have elapsed without the judicial oversight that habeas corpus or an adequate substitute demands. And

---

[5] Nevertheless, there are reasons to doubt the adequacy of the D.C. Circuit's appellate jurisdiction under the MCA. *See infra* Section II.

there has been no showing that the Executive faces such onerous burdens that it cannot respond to habeas corpus actions. . . . While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."). As explained above and in the Amended Petition, the circumstances of Petitioner's detention -- warrantless arrest, deliberate "disappearance" followed by a lengthy period of improper treatment, which, on information and belief, included torture -- demonstrate even more strongly that Petitioner should have a *habeas* hearing as soon as practicable to prevent the additional harm of being subjected to an unlawful tribunal.

## II. THE MILITARY COMMISSION PROCEEDINGS ARE AN INADEQUATE FORUM FOR REVIEW FOR THE ISSUES PRESENTED BY PETITIONER AND FAIL TO PROVIDE THE RELIEF SOUGHT BY PETITIONER

The military commission venue is thoroughly inadequate to consider the claims brought by Petitioner, as well as the relief he seeks. The outcome of Petitioner's military commission process will have no effect on whether he stays in prison, as the government has made clear that no matter what happens in the military commission process, it claims it can hold prisoners for as long as it sees fit. *See, e.g.*, Josh White, "Detainee May Not Go Free After Sentence," Wash. Post, Aug. 10, 2008, *available at* http://www.washingtonpost.com/wp-dyn/content/story/2008/08/09/ST2008080900876.html ("Bryan Whitman, a Pentagon spokesman, said it has always been the Defense Department's position that detainees could be held as enemy combatant even after acquittal at military commissions or after serving a prison sentence. . . . 'He will serve his time for the conviction and then he will still be an enemy combatant, and as an enemy combatant the process for potential transfer or release will apply.'"). Therefore, a military commission would in no way be an adequate substitute for a habeas proceeding because it fails to

provide, *inter alia*, an adequate remedy: release. *See Preiser v. Rodriguez*, 411 U.S. 475, 486 n.7, (1973) (the "traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody").

Aside from the government's asserted authority to detain even after an acquittal, the Military Commissions Act ("MCA") is an inadequate substitute for habeas as it provides no opportunity – let alone an adequate opportunity – for Petitioner to vindicate his right not to be tried before the trial begins. As the Supreme Court has recognized time and again, where the defendant claims a right not to be tried, that right would necessarily be frustrated without the ability to seek pre-trial relief. *E.g.*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499-500 (1989) ("[I]n cases involving criminal prosecutions . . . the deprivation of a right not to be tried is effectively unreviewable after final judgment and is immediately appealable."); *Helstocki v. Meanor*, 442 U.S. 500 (1979); *Abney v. United States*, 431 U.S. 651 (1977).

Petitioner's challenges go to, *inter alia*, the jurisdiction of the military commission. He raises a substantial argument that the military commission that has been convened to try him is not a "regularly constituted court" under the Geneva Conventions, is *ultra vires*, and lacks jurisdiction over him. These claims are clearly distinct from the issue of Petitioner's guilt or innocence as to the charges against him, and do not concern "classic 'trial error,'" *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991), but rather an unlawful application of military jurisdiction and systemized and foreseeable denial of rights that are "structural defects in the constitution of the trial mechanism [itself], [and] which defy analysis by 'harmless error' standards." *Id.*

Moreover, the MCA would postpone Petitioner's access to federal court for years, if not forever. The review provided by the MCA is only triggered once the "convening authority"

6

approves the "final decision" of the military commission, *see* 10 U.S.C. § 950c(a), even though the statute nowhere specifies a timeframe within which such action must be taken – allowing the government to indefinitely avoid review. *Boumediene* emphasized the unacceptable delay attendant to waiting for the DTA review process. *See* 128 S. Ct. at 2275 (noting that waiting for the Circuit "would be to require additional *months*, if not years, of delay") (emphasis added). *Boumediene* even distinguished *Swain v. Pressley*, 430 U.S. 372 (1977), because "the purpose and effect of the statute was to expedite consideration of the prisoner's claims, not to delay or frustrate it." 128 S. Ct. at 2264; *see also Hamdan*, 126 S. Ct. at 2770 n.17 ("'Under accepted principles of comity, the court should stay its hand only if the relief the petitioner seeks . . . would also be available to him with reasonable promptness and certainty through the machinery of the military judicial system'") (quoting *Parisi v. Davidson*, 405 U.S. 34, 41-43 (1972)).

In addition, the statute does not even provide an adequate remedy for Petitioner to vindicate his jurisdictional and other structural challenges to the proceedings *after the fact*. The MCA provides even less of an adequate substitute for challenges to trial than the DTA does for challenges to detention. As the Supreme Court has already held the DTA to provide an inadequate alternative, *see* 128 S. Ct. at 2263-69, the MCA scheme is *a fortiori* inadequate in this case.

Even if meaningful post-trial review could ever be an adequate substitute for the habeas right not to be tried by an unlawful commission that lacks jurisdiction, the MCA does not provide for such comprehensive post-trial review. The relevant provision states:

> The jurisdiction of the Court of Appeals on an appeal [of a final judgment rendered by a military commission] shall be limited to the consideration of –

> (1) whether the final decision was consistent with the standards and procedures specified in this chapter; and
> (2) to the extent applicable, the Constitution and the laws of the United States."

10 U.S.C. § 950g.  The second subsection derives from section 1005(e)(3)(D) of the DTA, which limited the scope of the D.C. Circuit's review to

> (i) whether the final decision was consistent with the standards and procedures specified in [Military Commission Order No. 1]; and
> (ii) to the extent the Constitution and laws of the United States are applicable, whether the use of such standards and procedures to reach the final decision is consistent with the Constitution and laws of the United States.

DTA § 1005(e)(3)(D), 119 Stat. at 2743.  As this comparison reveals, the MCA limits judicial review of a commission even more than the DTA does of a CSRT.  To the extent the MCA's cryptic provision allows federal courts any recourse to the Constitution and laws, it does not specify whether the D.C. Circuit may evaluate the commission's procedures and standards against those laws or whether it may consider only the commission's final decision in a particular case.  Either way, this is more limited than the (already inadequate) review prescribed by the DTA, which actually does specify the role of federal law and the Constitution.

Furthermore, the MCA prohibits review of facts: "the Court of Appeals may act only with respect to matters of law."  10 U.S.C. § 950g(b).  The DTA, in contrast, requires judicial review of facts for challenges to CSRTs.  *See* DTA § 1005(e)(2)(C)(i) (with respect to CSRTs the D.C. Circuit must ensure "that the conclusion of the Tribunal be supported by a preponderance of the evidence").  This DTA provision requiring factual review of CSRTs has led the D.C. Circuit to enunciate evidentiary and procedural rules.  *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007).

Because the MCA forbids the Circuit to consider factual issues regarding commissions, it will be unable to issue similar orders.

Significantly, a tribunal of limited jurisdiction cannot be the judge of its own jurisdiction. The Writ has long distinguished between person tried by civilian criminal courts of general jurisdiction, and those tried by the military. Because habeas is at its zenith when challenging the validity of these inferior courts, any adequate substitute must allow a full opportunity to challenge the legal and factual basis of Petitioner's trial. The MCA provides defendants before military commissions with neither, and so is inherently inadequate as a habeas replacement. Indeed, this question has been largely settled by *Boumediene*. The majority stated that "where relief is sought from a sentence that resulted from the judgment of a court of record . . . considerable deference is owed to the court . . . [and] the prisoner should exhaust adequate alternative remedies before filing for the writ in federal court." 128 S. Ct. at 2268. But, as the Supreme Court then noted, "Military courts are not courts of record. And the procedures used to try General Yamashita have been sharply criticized by Members of this Court." *Id.* at 2271 (citations omitted). The commission's procedures are far inferior to those of a court of record; in fact, Respondents do not defend their process against allegations by their own former chief prosecutor that it is politicized and illegal.

In citing cases like *Schlesinger v. Councilman*, 420 U.S. 738 (1975), and *Younger v. Harris*, 401 U.S. 37 (1971), the government misconstrues the issue before the Court. Those cases dealt with whether a district court could enjoin a pending court martial in Councilman or a state court trial in *Younger*. Neither case involves staying or dismissing a habeas petition. Even were those cases relevant, *Younger* makes clear that "courts of equity should not act, and

9

particularly should not act to restrain a criminal prosecution, *when the moving party has an adequate remedy at law* and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43-44 (emphasis added).  Petitioner hardly has "an adequate remedy at law" before a military commission; even if he is acquitted, he would be incarcerated.  He simply cannot get the relief in a military commission that he seeks in this Court.

*Younger* and its progeny operate in a world of speedy trial rights and constitutional protections.  Military commissions offer neither.  Petitioner is entering his seventh year of detention and his trial has yet to proceed.  Under *Younger*, his circumstances warrant this Court moving forward.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss Petitioner's habeas case without prejudice or to hold the petition in abeyance pending completion of military commission proceedings must be denied.

Dated: August 22, 2008

<div style="margin-left: 40%;">
Respectfully submitted,<br>
/s/Richard Coughlin<br>
Federal Public Defender<br>
/s/Chester Keller<br>
First Assistant Federal Public Defender<br>
/s/Candace Hom<br>
Assistant Federal Public Defender<br>
972 Broad Street, Fourth Floor<br>
Newark, New Jersey 07102<br>
Tel:  973-645-6347<br>
Fax:  973-645-4807<br>
<br>
*Counsel for Petitioner*
</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I filed and served the foregoing Petitioner Ramzi bin al-Shibh's **Opposition to Government's Motion to Dismiss or Hold Petition in Abeyance Pending Completion of Military Commission Proceedings** by causing the original and six copies to be delivered to the Court Security Officer via Federal Express, with the original and four copies to be forwarded to the Court, and one copy to be conformed and returned to our office.

I further certify that upon receiving clearance from the Court Security Officer, one copy will be forwarded to the following counsel of record via U.S. mail:

Terry Henry
Andrew Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C.  20530


    /s/Candace Hom
    Candace Hom